# In the United States Court of Federal Claims

| | | |
|---|---|---|
| JOSHUA LUGER, et al., Plaintiffs, v. THE UNITED STATES OF AMERICA, Defendant. | ) | No. 26-30 (Filed: November 13, 2026) |

Paul H. Myerchin, The Ragnar Group, LLC, Bismarck, ND, with whom was T. Michael Andrews, for Plaintiff.

Patrick S. Angulo, U.S. Department of Justice, Washington, DC, with whom were Albert S. Iarossi, Patricia M. McCarthy, and Brett A. Shumate, for Defendant. Amy Kania, Department of the Interior, Of Counsel.

## OPINION AND ORDER

**KAPLAN, Judge.**

The plaintiffs in this action, Warrior Wash & Emporium, LLC, and its owner, Joshua Luger ("Plaintiffs"), allege that the Bureau of Indian Affairs effected a Fifth Amendment taking of their property when it failed to return to them certain "industrial hemp products" it seized during a criminal investigation. On September 2, 2026, this Court issued an Opinion granting the government's motion to dismiss for failure to state a claim pursuant to RCFC 12(b)(6). Op. & Order, ECF No. 9; Luger v. United States, No. 26-30, 2026 WL 2618492 (Sep. 2, 2026).

The plaintiffs have moved to alter or amend the judgment under RCFC 59(e), or in the alternative for relief from judgment under RCFC 60(b). Pls.' Mot., ECF No. 11. For the reasons set forth below, the plaintiffs' motion is **DENIED**.

## DISCUSSION

A court may grant a RCFC 59(e) motion to alter or amend a judgment where: "(1) the motion is necessary to correct manifest errors of law or fact upon which [an] appealable order is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change of law." Aevoe Corp. v. AE Tech Co., Ltd., 727 F.3d 1375, 1378–79 (Fed. Cir. 2013) (citing Turner

v. Burlington N. Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003)).[1] The rule "is not intended merely to give an unhappy litigant an additional opportunity to persuade the court to accept its arguments." Multiservice Joint Venture, LLC v. United States, 374 Fed. App'x 963, 967 (Fed. Cir. 2010) (citing Fed. Bank, FSB v. United States, 53 Fed. Cl. 793, 794 (2002)); see also IAP Worldwide Servs., Inc. v. United States, 141 Fed. Cl. 788, 800 (2019) ("It is not sufficient for plaintiffs to reassert the same arguments they made in earlier proceedings, nor can plaintiffs raise new arguments that could have been made earlier." (quoting Lee v. United States, 130 Fed. Cl. 243, 252 (2017))). To the contrary, to succeed on a RCFC 59 motion the movant must demonstrate "extraordinary circumstances which justify relief." Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004)).

Similarly, motions under RCFC 60(b) "are not to be used as an opportunity to relitigate the case." Golden Bridge Tech., Inc. v. Apple Inc., 758 F.3d 1362, 1369 (Fed. Cir. 2014) (quoting Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011)). RCFC 60(b) provides several bases for relief. Plaintiffs have invoked subsections (1), (2), and (6), which provide that a court may relieve a party from final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b); . . . or (6) any other reason that justifies relief." Pls.' Mot. at 3 (quoting RCFC 60(b)).

Plaintiffs' motion does not satisfy the demanding standards set forth in either RCFC 59 or 60. Plaintiffs contend the Court erred when it concluded that total delta-9 THC is the proper unit of measurement to use in determining whether Plaintiffs' hemp product is contraband. See Pls.' Mot. at 5–6. According to Plaintiffs, the Court's conclusion was legally erroneous because it was based on the definition of hemp found at 7 C.F.R. § 990.1, and not on the statutory definition of hemp contained at 7 U.S.C. § 1639o(1). They observe that 7 C.F.R. § 990.1 states that the definition of "acceptable hemp THC level" set forth in the regulation "affects neither the statutory definition of hemp, 7 U.S.C. § 1639o(1), in the 2018 Farm Bill nor the definition of 'marihuana' 21 U.S.C. 802(16), in the CSA (Controlled Substances Act)." Pls.' Mot. at 5 (quoting 7 C.F.R. § 990.1).

The government correctly notes that the regulatory language upon which Plaintiffs rely involves the "measurement of uncertainty" and is not relevant to this case. Def.'s Resp. at 5, ECF No. 12. But in any event, arguments regarding the proper unit of measurement for determining whether Plaintiffs' product was contraband were aired during the proceedings on the government's motion to dismiss. See, e.g., Def.'s Mot. to Dismiss at 15–16, ECF No. 6; Pls.' Resp. at 11, ECF No. 7; Def.'s Reply at 7–8, ECF No. 8 (citing 7 C.F.R. §§ 990.1, 990.25(g)); see also Oral Argument at 37:25–44:30. Moreover, the arguments do not supply the kind of extraordinary circumstances that might justify altering, amending, or granting relief from judgment.

---

[1] "[T]he precedent interpreting the Federal Rules of Civil Procedure applies with equal force to the comparable Rules of the Court of Federal Claims." Progressive Indus., Inc. v. United States, 888 F.3d 1248, 1253 n.4 (Fed. Cir. 2018) (quoting Kraft, Inc. v. United States, 85 F.3d 602, 605 n.6 (Fed. Cir. 1996)).

Plaintiffs also contend that relief from judgment is justified by an intervening change in law. Plaintiffs cite amendments to the 2018 Farm Bill which will come into effect on November 12, 2026, and claim these amendments would preclude a finding that the seized products are contraband. Pls.' Mot. at 5–6. The government contends that Plaintiffs' reading of the amendments is incorrect. Def.'s Resp. at 5–6. But regardless, the issue here is whether Plaintiffs' hemp product was contraband at the time of the alleged taking. The law regarding that matter has not changed since the Court issued its decision and will not change based on the amendments. See Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988) ("Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.").

Finally, with their motion the Plaintiffs proffer what they claim is "new evidence" purportedly showing the seized products qualify as hemp. See Pls.' Exs. 1–3, ECF Nos. 11-2 to 11-4. However, in an affidavit, Mr. Luger admits that he possessed all of the information contained in the documents before the complaint was even filed. Luger Aff., ECF No. 11-1 (stating Exhibit 1 was in his possession on or about December 21, 2023, Exhibit 2 was in his possession "in early December 2023," and Exhibit 3 was available to him in the spring of 2024); see also Pls.' Ex. 3 (showing a receipt dated March 15, 2024). As noted above, only new evidence which, "with reasonable diligence, could not have been discovered in time" may justify relief from judgment. RCFC 60(b)(2).

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion to alter or amend the judgment or in the alternative for relief from judgment, ECF No. 11, is **DENIED**.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge